FILED
2017 Jun-02  AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLINTON KILLINGBACK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | |
| | ) | |
| **MID-SOUTH HOME HEALTH, LLC** | ) | |
| **d/b/a GENTIVA HOME HEALTH** | ) | |
| **SERVICES** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## I.    INTRODUCTION

The suit is brought to secure the protection of and to redress the deprivation of the right to be free from unlawful gender and disability discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 1981a, 2000et seq.  ("Title VII"), and the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), codified at 42 U.S.C. § 12112(a).  The Plaintiff requests a trial by jury of all issues triable to a jury.

## II.    JURISDICTION and VENUE

1.    Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

2.     A substantial part of the unlawful employment practices challenged in this action occurred in Jefferson County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

### III.   ADMINISTRATIVE PREREQUISITES

3.     The Plaintiff has met all administrative conditions precedent for filing this case under Title VII and the ADAAA.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 28, 2016 [420-2016-01734], which was within 180 days of the occurrence of the last discriminatory act(s).  On March 3, 2017, the Plaintiff was issued a Dismissal and Notice of Right to Sue by the Equal Employment Opportunity Commission.  Plaintiff is filing the instant lawsuit within 90-days of his receipt of his Dismissal and Notice of Rights.

### IV.   PARTIES

4.     Plaintiff Clinton Killingback, (hereinafter "Killingback" or "Plaintiff") is a male resident of Alabama and a citizen of the United States.   Plaintiff  is an "person aggrieved" under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. Plaintiff is disabled by way of being diagnosed with uncontrolled hypertension, which causes severe headaches, racing heart rate and flushed pallor.  This physical impairment substantially limits one or more major life

activities; in particular Killingback's ability to, inter alia, work in a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.  In addition, Plaintiff has a history of having such an impairment, which substantially limits one or more of his major life activities, and/or he is perceived by the Defendant as a person with a disability as that term is defined under the ADAAA.  Thus, the Plaintiff has a disability under the ADAAA. (42 U.S.C. § 12102).

5.     Defendant, ("Mid-South Home Health, LLC d/b/a Gentiva Home Health Services"), is subject to suit under Title VII and the ADAAA.  The Defendant was Plaintiff's employer for purposes of Title VII and the ADAAA.  The Defendant employs at least fifteen (15) persons.

## V.     STATEMENT OF FACTS

6.     Plaintiff, Clinton Killingback, was hired by the Defendant on or about November 23, 2015.  Mr. Killingback was hired as the Manager of Clinical Practice. Mr. Killingback is a Registered Nurse.

7.     Approximately one month after beginning his employment, a female co-worker [Brittany Jones] began questioning Mr. Killingback about his personal and romantic life.  Mr. Killingback is a gay man.  The female co-worker is the daughter of Mr. Killingback's supervisor [Mary Ann Jones].

8.     The female co-worker asked Mr. Killingback was her married and what was his wife's name.  Mr. Killingback's response was to always state that his personal life was not open for discussion at work.

9.     In February 2016, the Executive Director asked Mr. Killingback why he needed to take paid time off.  Mr. Kilingback responded that he and his partner were moving.  The Executive Director then asked Mr. Killingback whether he had a wife and how she felt about the move.  Mr. Killingback stated that he had a partner and they would get the move done.

10.     After this conversation, Brittany Jones again began to ask whether Mr. Killingback had a wife and what was his sexual preference.  Mr. Killingback reiterated his earlier response which was that he did not discuss his personal life at work.  On March 14, 2016. Mr. Killingback reported to work and found an email instituting new work rules.

11.     On March 15, 2016, Mr. Killingback called off from work because he was experiencing blood pressure problems.  He had disclosed that he had blood pressure issues after he was hired on.

12.     On March 16, 2016, Mr. Killingback reported to work at 8:00 a.m. but had to leave at approximately 11:00 a.m. because his blood pressure was out of range causing him to experience a headache, racing heart rate, and flushed pallor.  Mr.

Killingback reported his health emergency to his supervisor who approved him leaving for the day.  On March 17, 2016, Mr. Killingback called his job and reported that his doctor recommended that he be off from work until his blood pressure could be regulated.  Mr. Killingback's doctor wrote a note stating that Mr. Killingback could return to work on March 31, 2016.

13.    On March 21, 2016, Mr. Killingback inquired whether he was eligible for FMLA leave.  The Defendant did not respond to Mr. Killingback's inquiry and instead terminated his employment.  The Defendant never attempted to engage in the "interactive process" with him and never sought to see how Mr. Killingback's illness could be accommodated.

14.    Upon information and belief, Defendant's actions were motivated by its belief that Mr. Killingback did not conform to the stereotypes associated with his sex, male.[1]

15.    Upon information and belief, Mr. Killingback was terminated because of his non-conformity with conventional gender roles and stereotypes and/or because of his disability.

---

[1] See e.g.,  *Price Waterhouse v. Hopkins,* 490 U.S. 228, 251, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *Glenn v. Brumby,* 663 F.3d 1312 (11th Cir. 2011); *Dawson v. Bumble & Bumble,* 398 F.3d 211, 218–21 (2d Cir.2005); *Bibby v. Phila. Coca Cola Bottling Co.,* 260 F.3d 257, 262–63 (3d Cir.2001); *Nichols v. Azteca Rest. Enters., Inc.,* 256 F.3d 864, 874–75 (9th Cir.2001); *Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 261 n. 4 (1st Cir.1999).

## VI.   CLAIMS

### A.  COUNT I-SEX DISCRIMINATION
### IN VIOLATION OF TITLE VII

16.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above with the same force and effect as if fully set out in specific detail herein below.

17.    The Defendant discriminated against Plaintiff because of his sex with respect to the terms and conditions of his employment in violation of 42 U.S.C § 2000e, as amended and 42U.S.C.§1981a.

18.    Plaintiff's damages and injuries include, but are not limited to, loss of pay and benefits.  Furthermore, as a result of the treatment he received by the Defendant the Plaintiff has been made to suffer mental anguish, humiliation, embarrassment.

19.    The Defendant's discriminatory actions toward Mr. Killingback were reckless, malicious, and willful and in violation of Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. 1981a.

### B.  COUNT II-ADAAA
### (DISABILITY DISCRIMINATION)

20.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 above with the same force and effect as if fully set out in specific detail herein

6

below.

21.     Plaintiff is disabled by way of a permanent physical illness, which is an impairment that substantially limits one or more his major life activities; in particular, her ability to, inter alia, work in a class of jobs or a broad range of jobs in various classes as compare to average person having comparable training, skills and abilities. In addition, the Plaintiff has a history of having an impairment, which substantially limits one or more of his major life activities, and/or he is perceived by the Defendant as a person with a disability as that term is defined under the ADAAA.  Thus, the Plaintiff has a disability under the ADAAA.  (42 U.S.C. § 12102).

22.     The Defendant discriminated against the Plaintiff because of his disability with respect to the terms and conditions of his employment in violation of the ADAAA.

23.     Plaintiff's damages and injuries include loss of pay and benefits. Furthermore, as a result of the treatment he received from the Defendant, the Plaintiff has been made to suffer mental anguish, humiliation, and embarrassment.

24.     The Defendant's discriminatory actions toward the Plaintiff were reckless, malicious, and willful and in violation of the Plaintiff's statutory rights pursuant to the ADAAA, as amended.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant the Plaintiff a declaratory judgment holding that the actions of the Defendants as described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII and the ADAAA;

2.     Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and on the Defendant's behalf from continuing to violate Title VII and the ADAAA;

3.     Issue an injunction ordering the Defendants not to engage in gender and/or disability discrimination and order the Defendants to establish effective written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct;

4.     Grant the Plaintiff an order requiring the Defendants to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), compensatory, punitive, liquidated, and/or nominal damages, and reinstatement or front-pay in lieu thereof;

5.     The Plaintiff further prays for such other relief and benefits as available under any of the aforementioned anti-discrimination statutes or that the  cause of

justice may require, including, but not limited to, an award of costs, attorneys' fees

and expenses.

**PLAINTIFF HEREBY DEMANDS A**

**JURY FOR ALL ISSUES TRIABLE BY JURY**

<div style="margin-left: 40%">

Respectfully submitted,
/s/Roderick T. Cooks
Roderick T. Cooks
Charity Gilchrist-Davis
Attorney for the Plaintiff

</div>

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970     telephone
(205) 278-5876     facsimile
email: rcooks@winstoncooks.com

Law Office of Gilchrist Davis, LLC.
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone: 205-581-8812
Facsimile:  205-581-8815
Email:  charity@gilchristdavis.com

**<u>DEFENDANT'S ADDRESS</u>:**

Mid-South Home
Health, LLC d/b/a Gentiva Home Health Services
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON STREET SUITE 605
MONTGOMERY, AL 36104